# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| NESTLE PURINA PETCARE CO., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 4:18cv2132 SNLJ** |
| | ) | |
| PETSMART, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM and ORDER

Plaintiff Nestle Purina Petcare Company filed this lawsuit against defendant PetSmart, Inc. for trade dress infringement, trademark infringement, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and Missouri common law. This matter is before the Court on defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction (#11).

The complaint alleges that defendant redesigned its cat litter packaging to mimic plaintiff's Tidy Cats cat litter packaging, or "trade dress." Plaintiff's Tidy Cats brand litter includes two cat silhouettes and colors of yellow/black, yellow/red, white/green, and white/yellow/darker green, depending on the product formulation. Plaintiff alleges that defendant has copied all the elements of the Tidy Cats trade dress for each of the four formulations—including the silhouettes of multiple cats and the same colors corresponding to the same formulation. Plaintiff also alleges that defendant copied its feather design for use on defendant's "lightweight" formulation packaging. Plaintiff states

that defendant offered for sale, advertised, and promoted cat litter products with the unauthorized trade dress. Plaintiff claims that the unauthorized trade dress is likely to cause confusion, mistake, and deception as to the source or origin of defendant and/or its products and are likely to falsely suggest a sponsorship, connection, or association between defendant and plaintiff and their products.

Plaintiff brings three counts against defendant: (1) trade dress infringement, false designation of origin, passing off, and unfair competition under 15 U.S.C. § 1125(a); (2) trademark infringement under 15 U.S.C. § 1114(1); and (3) trade dress infringement, trademark infringement, and unfair competition under Missouri common law.

Defendant contends it has engaged in no conduct that gives rise to actionable injury under the Lanham Act and thus this Court lacks subject matter jurisdiction over the case. Specifically, defendant states that it considered potential product packaging that plaintiff describes as the "unauthorized trade dress," but that the packaging was a "draft of potential product packaging" that was not used "in commerce." Defendant PetSmart carries a "Great Choice" brand of pet products including pet carriers, crates, aquariums, bedding, litter, food, toys, and numerous other products. The draft packaging for Great Choice cat litter was, according to defendant, never used in "any manner," and that it was simply "inadvertently uploaded by PetSmart employees to an internet server."

In response to defendant's explanation of the "inadvertent upload," plaintiff states that it discovered defendant was offering for sale cat litter products on its PetSmart.com website that contained the unauthorized trade dress described above. The unauthorized trade dress was depicted in product listings on the defendant's website for over a week

beginning on the "Black Friday" holiday on November 23, 2018.  Plaintiff contacted defendant by telephone and in person to explain that it believed defendant's packing depicted on the website was violating defendant's rights.  Defendant responded that the packaging was launched prematurely on its website, that no labels with those designs had yet been printed, and that the new labels would launch in early 2019.  Because the parties were unable to resolve the matter, plaintiff filed this lawsuit on December 21, 2018.

The parties have engaged in further discussions since this lawsuit was filed. Defendant provided to plaintiff revised cat litter packaging in April 2019, but plaintiff insists that the revised packaging still utilizes key elements of plaintiff's Tidy Cats trade dress and is still likely to cause confusion.

## I.    Legal Standard

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction may be either a "facial" or "factual" attack on the complaint.  *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015).  In a facial attack, the court merely determines whether "plaintiff has sufficiently alleged a basis of subject matter jurisdiction…on the face of the pleadings."  *Id.* (internal quotation omitted).  "In a factual attack, matters outside the pleadings, such as testimony and affidavits, are considered." *Id.*

Here, because defendant brings a factual attack against the complaint, the Court may look outside the pleadings.

## II.    Discussion

Defendant contends that plaintiff cannot maintain this trademark action against it because the draft trade dress designs were never used with the sale, advertising, or distribution of any of its products.

Two statutes are at the heart of plaintiff's claim.  The first, 15 U.S.C. § 1114(1)(a), imposes liability for infringement of a registered mark on

> any person who shall, without the consent of the registrant…use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion.

15 U.S.C. § 1114(1)(a).  The second statute,15 U.S.C. § 1125(a)(1)(A), imposes liability for unfair competition on

> any person who, on or in connection with any goods or services, …uses in commerce any word, term, name, symbol, or device, or any combination thereof…which…is likely to cause confusion.

15 U.S.C. § 1125(a)(1)(A).

The focus of defendant's motion to dismiss is the term "use in commerce," which is present in both statutes.[1]  "Each provision requires, as a prerequisite to finding liability, that the defendant 'use in commerce' the protected mark or a colorable imitation thereof."  *DaimlerChrysler AG v. Bloom*, 315 F.3d 932, 936 (8th Cir. 2003).  The Act provides that "'use in commerce' means the bona fide use of a mark in the ordinary

---

[1] Defendant states, and plaintiff apparently agrees, that plaintiff's Count 3 for common law unfair competition rises and falls with plaintiff's claims for infringement under the Lanham Act. Thus the common law claims need not be separately addressed by the Court as part of this memorandum.

course of trade, and not made merely to reserve a right in a mark." 15 U.S.C. § 1127. The statute also provides that a "mark shall be deemed to be in use in commerce ... on goods when…it is placed in any manner on the goods or their containers or the displays associated therewith…and the goods are sold or transported in commerce." *Id.*[2]

Both parties devote numerous pages of analysis to this issue. Resolution of this matter appears simple, however. Plaintiff alleges that defendant has "redesigned its cat litter packaging to closely mimic the famous Tidy Cats Trade Dress…and has offered for sale, advertised, and promoted cat litter products with the Unauthorized Trade Dress." (#1 ¶ 20.) The complaint describes at length the similarities between the Tidy Cats trade dress and the defendant's new packaging. Defendant insists that because the appearance of the "draft" new packaging was the result of an accidental upload to its internet server, that it does not qualify as having been used in commerce. However, defendant does not explain how the use of the trade dress plaintiff complains of was not "used in commerce" when it was used to sell defendant's Great Choice brand of cat litter on defendant's website for a week. Defendant's reliance on cases such as *Combe Inc. v. Dr. August Wolff GmbH & Co. KG Arzneimittel*, 309 F. Supp. 3d 414, 420 (E.D. Va. 2018) and *DaimlerChrysler AG*, 315 F.3d at 936 is misplaced. In *Combe*, the trademark at issue was not used with respect to goods sold or transported in United States commerce. In

_____

[2] Plaintiff suggests that the "use in commerce" definition set forth in 15 U.S.C. § 1127 need not be satisfied here because "it does not limit the kinds of use by the accused party that constitute an infringement." 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 23:11.50 (4th Ed. 2017). McCarthy explains that § 1127 is a "statutory anachronism" that was "never intended to limit the scope of 'uses' that would constitute infringement." *Id.* However, because the Court finds that plaintiff's claims easily meet the "use in commerce" definition under either statute, the Court need not address defendant's concern.

*DaimlerChrysler*, the plaintiff had challenged a phone number for which one alphanumeric translation was 1-800-MERCEDES, but the Court held the number was merely "licensed" and not used in promotions or advertising. The current case is easily distinguishable. The plaintiff pleads that the unauthorized trade dress was "used in commerce" in its complaint through sales, advertisement, and promotion. Looking past the face of the complaint, as defendant asks the Court to do, the week-long appearance of the trade dress in website sales reinforces the allegations that the trade dress was "used in commerce."

Plaintiff has also adequately claimed that defendant plans to officially change its cat litter trade dress to the allegedly infringing trade dress. "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). Injunctive relief with respect to the trade dress plaintiff complains of in the complaint—the "Black Friday" 2018 packaging—may still be available.

Accordingly,

IT IS HEREBY ORDERED that the defendant's motion to dismiss (#11) is DENIED.

So ordered this  26th  day of July, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE